SALTER *vs.* HURST.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Whether the general rules of maritime salvage are applicable to the raising of a vessel and cargo sunk in the Mississippi River.—*Query?*

One person may claim the benefit of contract for salvage made by another respecting the cargo in a vessel of which they are the joint owners, and in the raising of which from the bottom of the river, they share equally in labor and expense.

Where no fraud or gross negligence is chargeable on the hirer, the owner must sustain the damage resulting from the loss of the thing hired.

This action was brought to recover one half the salvage which the defendant received for raising the cargo of a brig sunk at the mouth of the Mississippi river. The plaintiff avers, that the steamboat used in raising the brig was worked on joint account of himself and defendant. The latter, in his answer, denies this averment.

The cause was tried in the court below, and judgment was rendered for the plaintiff. The defendant, after an unsuccessful attempt to obtain a new trial, appealed.

*Preston,* for appellants, contended:

That there was no evidence that the steamboat was worked on joint account. Plaintiff was only concerned with the brig, and therefore should not share in the salvage for raising the cargo. Plaintiff ran no personal risks or made any personal sacrifices. See the cases of the *Harmony* and *Arethusa*, cited in *Lex Mercatoria*.

*Eustis,* for appellee, made the following points:

1. The judgment must be affirmed, because the evidence shows, that at the time the salvage was earned, the steamboat

EASTERN DIS.
*December*, 1832.
═══════════
SALTER
*vs.*
HURST.

was worked on the joint account of the plaintiff and the defendant.

2. That plaintiff expended his labor in earning the salvage.

3. That plaintiff paid his share of the hire of the boat.

The opinion of the court was delivered by MATHEWS, J.

In this case, the plaintiff claims one half of the profits awarded to the defendant as salvage for raising the cargo of a brig called the Trent, which was sunk at the Balize. The cause was submitted to a jury in the court below, who, by their verdict, sustained his claim; and judgment being accordingly rendered, the defendant appealed.

The facts of the case, as established by the testimony, show that the brig and her tackle whilst sunk, were purchased for the joint account of both plaintiff and defendant; and as a means of raising her, they employed on joint account the steamboat Florida; that on raising the vessel the cargo was also raised, being then in her, a necessary consequence of success in their main undertaking, and seems to have been foreseen by the defendant, who contracted with certain persons (who had purchased the cargo in its lost situation,) for the payment of salvage, to an amount such as should be settled and awarded by the port wardens of New-Orleans, which was two thousand three hundred and thirty-two dollars and fourteen cents; and the whole of this sum was afterwards received by the defendant.

In relation to the facts of the case, the counsel for the appellant contends, that the evidence is too weak and inconclusive to establish the hiring and use of the steamboat to have been on joint account of the purchasers of the brig. This fact, we, however, believe to have been fairly inferred by the jury, by the settlement made between the parties relative to the sale from the defendant to the plaintiff of his share of the vessel, as evidenced by the document found in the record marked A, in which the latter is charged with his portion of the hire or expenses of the boat.

The brig and cargo being sunk in the river, general rules relating to maritime salvage are (perhaps) not applicable to the present case; and it might be questioned whether the salvors would be legally entitled to claim any remuneration without a special agreement, to that effect, with the owners of the property saved. In the instance now under consideration, such an agreement was made by the consent of one of the owners of the brig, which they were about to raise, with the owners of the cargo.

EASTERN DIS. *December*, 1832.

SALTER *vs.* HURST.

Whether the general rules of maritime salvage are applicable to the raising a vessel and cargo sunk in the Mississippi river.—*Query?*.

From this statement of the cause, it may be considered as reduced to a single question; and that is, whether from the relative situation of the parties, the plaintiff has a right to claim the benefit of the contract which was made by the co-partner of the brig, in the raising of which they united and shared equally both in labor and expense.

One person may claim the benefit of a contract for salvage made by another respecting the cargo in a vessel of which they are the joint owners, and in the raising of which, from the bottom of the river, they share equally in labor and expense

Had they hired the use of the steamboat on joint account for a certain term of time, and in such use both given their skill and labor, the profits made during the time ought, in justice, to be equally divided between them. The hiring was, however, for a special purpose, and to effect a particular object; but this does not in any manner change the nature of the claim set up by the plaintiff; considering that the profit now claimed by him was gained by using the boat in the manner contemplated by the contract of hiring *quo-ad hoc*, the hirers were temporary owners. It is true, as contended for in argument by the counsel of the appellant, that if the steamboat had been lost in attempting to raise the vessel and her cargo from the bottom of the river, the loss would have fallen on the real owners, under the maxim that *res perit domino*. The same thing would take place in all cases of hiring for use, when no fraud or gross negligence is chargeable on the hirer. The loss having to be borne by the owner, cannot affect the right of a person hiring to the profits derived from a lawful use of the thing hired during the stipulated period.

Where no fraud or gross negligence is chargeable on the hirer, the owner must sustain the damage resulting from the loss of the thing hired.

This has the appearance of a new case. It cannot be identified with the one put by *Pothier* in his treatise on the contract of sale, relating to the cast of the fisherman's net, although it is somewhat similar. Being new, we have not

been able to discover any positive rules of law or adjudged cases completely applicable to it; nor has any been adduced by the advocates of the parties. We are, however, of opinion, that according to general principles of equity and justice, the plaintiff ought to recover, &c.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.